ZECHARIAH CHAFEE, Trustee, *vs.* WILLIAM SPRAGUE, Administrator.

A., in a sealed trust instrument of mortgage, covenanted to convey on demand to the trustee certain personalty. No demand was made until after the death of A., which occurred ten years subsequent to the execution of the trust instrument. The trustee then demanded the personalty from A.'s administrator.

*Held,* that a bill in equity would lie to enforce the demand if A.'s estate was solvent, the matter being involved in a trust mortgage.

*Held,* further, it appearing that A.'s personalty was insufficient to pay the debts of the estate, that the bill must be dismissed, the trustee having delayed his demand for ten years, and showing no equities superior to those of the administrator.

BILL IN EQUITY to compel the transfer of certain corporate stock and for a receiver.

Fanny Sprague, in her lifetime, became an executing party to a certain deed of trust to Zechariah Chafee, dated November 1, 1873, and printed in *Austin* v. *Sprague Manuf. Co.* 14 R. I. 464. This deed of trust contained the clause, 14 R. I. 468 : " Excepting from this conveyance all shares of capital stock in any and every corporation, wherever located, belonging to any or either of the parties of the first part, the same to be transferred to said party of the second part upon his request in writing, by way of pledge and collateral security to secure the performance of the conditions of this instrument." Fanny Sprague died October 13, A. D. 1883, and William Sprague was appointed administrator of her estate. December 30, A. D. 1884, Chafee demanded of Sprague the transfer of certain bank stock standing in the name of Fanny Sprague, and February 11, A. D. 1885, filed his bill in equity to compel the transfer of the stock, and for the appointment of a receiver of the stock pending the suit. The respondent demurred to the bill.

*January* 23, 1886. ·PER CURIAM. Although the bill prays for the specific performance of a contract relating to personal property, for breach of which there is ordinarily an adequate remedy at law, the court is of opinion that, as the property in question was contracted to a trustee in aid and enforcement of the provisions of a trust mortgage, a court of equity has jurisdiction of the subject matter of the bill. The stock in question was to be transferred upon request ; but no request was made upon the intestate during her lifetime. As against a solvent estate, we think this would not render the bill demurrable ; and as we construe the bill, no specific allegation of insolvency appears.

*Demurrer overruled.*

The case then came on for hearing on bill, answer, and proofs.

*February* 18, 1888. PER CURIAM. It appears from the proof in this case that there are debts outstanding against the estate of the intestate beyond the amount of the assets that have come to the hands of the administrator. The defendant as administrator is as much bound to distribute the estate of the intestate among her creditors as the complainant is under the mortgage. The complainant might at any time during a period of ten years in the lifetime of the intestate have required a transfer of the stock to him, but he did not see fit to do so. At her death it went to her administrator by operation of law, and we do not see that the complainant has any claim in equity superior to that of the defendant to receive and distribute its proceeds among her creditors. The case of *City Fire Insurance Co.* v. *Olmsted*, 33 Conn. 476, is in point, and we think its reasoning is conclusive.

*Bill dismissed.*